SAUNDERS IRVING, SOLE EXECUTOR, ETC., OF CLARISSA GREIG, DECEASED, *v.* JOHN RANKINE, ADMINISTRATOR, ETC., OF JOHN GREIG, DECEASED.

*Annuity — apportionment of — chap.* 542 *of* 1875.

A testator who died April 9, 1858, left to his wife, by will, his mansion-house and certain land, together with cattle, farming implements, furniture, etc., and an annuity for life of $10,000 a year, to be paid in semi-annual payments, the first half yearly payment to be made in six months from his decease, such devises and bequests being given in lieu of dower. The annuity was payable October ninth and April ninth in each year. The wife died on April 1, 1877.

In an action by her executor to recover the *pro rata* proportion of the annuity up to that date, *held*, that the annuity could not be apportioned.

Chapter 542 of 1875, changing the common-law rule as to the apportionment of annuities, only applies to instruments executed or taking effect after its passage.

CONTROVERSY submitted upon an agreed statement of facts, without action.

*E. G. Lapham*, for the plaintiff.

*W. H. Adams*, for the defendant.

TALCOTT, J.:

This is a controversy submitted upon facts admitted. The facts are as follows:

John Greig, late of Canandaigua, died on the 9th day of April, 1856, leaving a last will and testament, whereby he devised to his wife Clarissa, in fee, his principal mansion-house and the land on which the same was situated, containing ten acres, and certain other premises containing thirty acres in the village of Canandaigua, and the stock of cattle, horses and carriages, implements of husbandry, farming utensils and crops growing on said premises; and also the furniture, plate, linen, paintings, books, liquors and other personal property, and also the stock of cattle, horses, carriages, implements of husbandry and farming utensils situate upon two farms, the title to which was in the said John Greig and his wife Clarissa, and which survived to her; and also an annuity for life of $10,000 *per annum* in *semi-annual* payments, the first half yearly payment to be made in six months from his decease, which devise and bequests were given instead of, and in lieu and satisfaction of, dower in his estate.

The defendant John Rankin is the administrator of the estate of the said John Greig, with the will annexed. On the 1st day of April, 1877, Clarissa Greig, the widow and annuitant named in the will, died, leaving a last will and testament, which has been duly probated, and of which Saunders Irving, the plaintiff, is the sole executor and trustee. By the terms of the will of said John Greig the annuity of $10,000 a year to said Clarissa Greig became payable on the ninth day of October and April in each year, and the same was paid to her to and including the ninth day of October, 1876, she having accepted the provisions of said will of John Greig in lieu of dower. John Greig died seized and possessed of a large real and personal estate, his real estate being valued at upwards of $70,000. The said Clarissa Greig continued to occupy the homestead or "principal mansion house" of said John Greig, deceased, until her death, at an annual expense exceeding the amount of her said annuity. Said Rankin, the administrator of said John Greig, with the will annexed, declines to make any further payment on the said annuity, having doubts about his right to do so.

The question submitted to the court is, whether the plaintiff as

executor and trustee of the said Clarissa Greig, is entitled to an apportionment of the *semi-annual* installment of the said annuity, which would have become payable to Mrs. Greig had she lived until the ninth day of April last.

It is well settled at the common law that there can be no apportionment of annuities. (Williams on Executors, 109; 3 Redfield on Wills, 184, § 13; Story's Eq. Jur., vol. 1, § 410; *Griswold* v. *Griswold*, 4 Bradf., 216; *Wiggin* v. *Swett*, 6 Metcalf, 194.)

In the case of *Wiggin* v. *Swett*, cited, the husband provided in his will for the payment of an annuity of $800 to his wife, in quarterly installments; the wife died three days before a quarterly installment became due, but it was held that the annuity could not be apportioned and that her representatives were not entitled to receive a *pro rata* payment.

There are two exceptions to this rule recognized by the English authorities, which have been put upon the necessities of the case. One is the case of an annuity for the support and maintenance of infants. (*Howell* v. *Hanforth*, 2 W. Black, 1016; *Hay* v. *Palmer*, 2. P. Wms., 501; *Ex parte Smyth*, 1 Swants., 349 and note.) So, an annuity for the support of a wife, living separate and apart from her husband. (Note to 1 Swanst., 349, above cited.) These exceptions have been allowed from the necessities of the case, as otherwise the infants in the one case, or the wife living upon a separate maintenance in the other, could not procure credit for necessaries from the time when one installment became due to the next, unless the creditor should chose to take the risk of the annuitant surviving until the next installment became due. These, however, are noticed as remarkable exceptions to the general rule; and it has been held that they were not applicable to the case of a married woman living with and supported by her husband; and we do not find that they have ever been extended beyond the two cases referred to.

It is claimed by the executor of Mrs. Greig that a provision in lieu of dower falls within the same principle; but, in this case at least, there cannot be the same ground of necessity, for, besides a large and valuable property given to her in fee, Mrs. Greig had other valuable property, viz., the two farms which she took by survivorship. It is said that in the case of *Wiggin* v. *Swett* (6 Met., 194) it did not appear that the annuity was given in lieu of dower. It does not

appear in the case how that was; and though probably the annuity was in lieu of dower, the circumstance not being referred to as making any difference, shows that the court considered it of no importance in the application of the common-law rule.

The rule of the common law on this subject has been abrogated as to annuities created by any instrument executed or going into operation after the passage of the statute (4th Wm. IV, c. II), and parliament has been followed by the legislature of this State (see Laws of 1875, ch. 542), likewise confined in its operation to instruments executed or taking effect after the passage of the act. The will of John Greig took effect on the ninth day of April, 1858, and therefore does not come within the provisions of the act of 1875.

We therefore think the representative of Mrs. Greig has no legal claim to any part of the annuity which would have accrued from October 9, 1876, to April 9, 1877; and, in pursuance of the stipulation, we order a judgment to be entered in favor of the defendant, with costs and disbursements, but without costs for any proceedings prior to notice of trial.

Present — MULLIN, P. J., and TALCOTT, J.; SMITH, J., not sitting.

Judgment in favor of the defendant, with costs and disbursements, but without costs for any proceedings prior to notice of trial.